1  LAWRENCE BREWSTER, Regional Solicitor
2  DAVID M. KAHN, Counsel for Employment Standards
   ANDREW J. SCHULTZ, Trial Attorney
3  California State Bar Number 237231
   United States Department of Labor
4  Office of the Solicitor
5  90 7th Street, Suite 3-700
   San Francisco, California 94103
6  Telephone: (415) 625-7745
   Facsimile: (415) 625-7772
7  email: schultz.andrew@dol.gov

8  Attorneys for HILDA L. SOLIS, Secretary
9  United States Department of Labor

10

11              UNITED STATES DISTRICT COURT FOR THE

12                        DISTRICT OF ARIZONA

13  HILDA L. SOLIS, Secretary of Labor,    )  Case No.: 2:10-cv-737
14  United States Department of Labor,     )
                                           )  COMPLAINT FOR VIOLATIONS OF
15              Plaintiff,                 )  THE FAIR LABOR STANDARDS
                                           )  ACT
16       vs.                               )
                                           )
17  ABSOLUT RESOTRATION LLC, an            )
    Arizona limited liability company;     )
18  LAURIE JONES, an individual;           )
    FRANK JONES, an individual,            )
19                                         )
              Defendants.                  )
20                                         )
                                           )
21                                         )
                                           )
22  _____   )

23       Plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department

24  of Labor, brings this action to enjoin defendants **ABSOLUT RESTORATION,**

25  **LLC, an Arizona Limited Liability Company, and LAURIE JONES, an**

*Complaint for Violations of the FLSA*          1

**individual,** from violating the provisions of sections 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201, *et seq.*), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

## I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

## II

(a)      Defendant, **ABSOLUT RESTORATION, LLC** is and at all times hereinafter mentioned was a limited liability company with an office and a place of business at 625 S. 27th Ave., #118, Phoenix, Arizona, 85009, within the jurisdiction of this court, and is and at all times hereinafter mentioned was engaged under the name and style of Absolut Restoration, LLC in the operation of providing removal, cleaning and restoration services and in the performance of related types of activities.

(b)      Defendant, **LAURIE JONES**, an individual, resides in Phoenix, Arizona, within the jurisdiction of this court, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

(c)      Defendant, **FRANK JONES**, an individual, resides in Phoenix, Arizona, within the jurisdiction of this court, and all times relevant to this complaint has been the spouse of Defendant Laurie Jones.  Frank Jones is named as a defendant pursuant to Ariz. Rev. Stat. § 25-215 solely to assure that complete relief can be granted.  The Secretary alleges on information and belief that all

1   actions taken by Defendant Laurie Jones alleged herein were undertaken while

2   married to Defendant Frank Jones; that her actions benefitted the marital

3   community and that Laurie and Frank Jones hold their assets as community

4   property.

5   **III**

6   Defendant **ABSOLUT RESTORATION, LLC** is and at all times

7   hereinafter mentioned was engaged in related activities performed through unified

8   operation or common control for a common business purpose, and is and at all

9   times hereinafter mentioned was an enterprise within the meaning of section 3(r) of

10  the Act.

11  **IV**

12  Defendant **ABSOLUT RESTORATION, LLC** at all times hereinafter

13  mentioned was an enterprise engaged in commerce or in the production of goods

14  for commerce within the meaning of sections 3(s)(1)(A) the Act in that said

15  enterprise at all times hereinafter mentioned had employees engaged in commerce

16  or in the production of goods for commerce, or employees handling, selling, or

17  otherwise working on goods or materials that have been moved in or produced for

18  commerce by any person and in that said enterprise has and has had an annual

19  gross volume of sales made or business done of not less than $500,000.

20  **V**

21  Defendants **ABSOLUT RESTORATION, LLC**, and **LAURIE JONES**

22  have repeatedly violated, and continue to violate, the provisions of sections 7 and

23  15(a)(2) of the Act, by employing many of their employees who in workweeks

24  were engaged in commerce or in the production of goods for commerce, or who

25  were employed in an enterprise engaged in commerce or in the production of

*Complaint for Violations of the FLSA*               3

1  goods for commerce, within the meaning of the Act, as aforesaid, for workweeks

2  longer than forty hours without compensating said employees for their

3  employment in excess of forty hours per week during such workweeks at rates not

4  less than one and one-half times the regular rate at which they were employed.

## VI

6  Defendants **ABSOLUT RESTORATION, LLC,** and **LAURIE JONES**,

7  employers subject to the provisions of the Act, repeatedly have violated, and

8  continue to violate, the provisions of sections 11(c) and 15(a)(5) of the Act in that

9  they failed to make, keep, and preserve adequate and accurate records of

10  employees and the wages, hours and other conditions and practices of employment

11  maintained by them as prescribed by regulations duly issued pursuant to authority

12  granted in the Act and found in 29 CFR 516, in that records fail to show adequately

13  and accurately, among other things, the hours worked each workday with respect

14  to many employees.

## VII

16  During the period since at least November 1, 2006, Defendants **ABSOLUT**

17  **RESTORATION, LLC,** and **LAURIE JONES** have repeatedly willfully violated

18  the aforesaid provisions of the Act.  A judgment which enjoins and restrains such

19  violations and includes the restraint of any withholding of payment of unpaid

20  overtime compensation found by the court to be due to present and former

21  employees under the Act is expressly authorized by section 17 of the Act.

22  **WHEREFORE**, cause having been shown, plaintiff prays for a judgment

23  against defendants as follows:

24  (a)  For an Order pursuant to section 17 of the Act, permanently enjoining

25  and restraining defendants, **ABSOLUT RESTORATION, LLC**, and **LAURIE**

**JONES**, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

      (b)    For an Order

          (1)    pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); and that such unpaid overtime compensation and liquidated damages be paid from a) **ABSOLUT RESTORATION LLC'S** assets, b) **LAURIE JONES'** separate property, c) **LAURIE JONES'** interest in the property that may be held as community property with her spouse, **FRANK JONES**; or in the event liquidated damages are not awarded;

          (2)    pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621and that such withholding of payments be enjoined and restrained from a) **ABSOLUT RESTORATION LLC'S** assets, b) **LAURIE JONES'** separate property, c) **LAURIE JONES'** interest in the property that may be held as community property with her spouse, **FRANK JONES**; and

      (c)    For an Order awarding plaintiff the costs of this action; and

1    (d)    For an Order granting such other and further relief as may be

2    necessary or appropriate.

3

4    Dated:  April 2, 2010

5                                                    M. PATRICIA SMITH
                                                     Solicitor of Labor
6
                                                     LAWRENCE BREWSTER
7                                                    Regional Solicitor

8                                                    DAVID M. KAHN
                                                     Counsel for Employment Standards
9

10

11
                                                     By:/s/ *Andrew J. Schultz*
12                                                           ANDREW J. SCHULTZ
                                                             Trial Attorney
13

14                                                   UNITED STATES
                                                     DEPARTMENT OF LABOR
15                                                   Attorneys for the Plaintiff

16

17

18

19

20

21

22

23

24

25

*Complaint for Violations of the FLSA*                    6

1

**EXHIBIT A**

2

| | |
|---|---|
| 3 | Aceves, Alma | Gomes, Patricia |
| 4 | Alarcon, Maria | Gonzales, Daniel |
| 5 | Alvarez, Jose | Gonzales, Maria |
| 6 | Arizmendi, Enrizue | Gonzales, Norha |
| 7 | Bernal, Jose | Gonzales Martinez, Hirasema |
| 8 | Calderon, Edgar | Guillen, Beatriz |
| 9 | Campos, Francisco | Herenas, Alberto |
| 10 | Cano, Rudolph | Hernandez, Danny |
| 11 | Celaya, Marco | Hernandez, Fillberto |
| 12 | Chacon, Cristobal | Hernandez, Juan |
| 13 | Coronado, Lorena | Lafromboise, Aaron |
| 14 | Delgado, Armida | Lavandera, Bruno |
| 15 | Diaz, Dagoberto | Lite, Kara |
| 16 | Espinoza, Rosa | Lopez, Concepcion |
| 17 | Fierro Escarreja, Mercedes | Lopez, Marcello |
| 18 | Fillmore, Samantha | Lopez, Olivia |
| 19 | Fillmore, Steve | Lopes, Sofia |
| 20 | Franco, Sandra | Lowery, Susana |
| 21 | Fuentes, Aido | Maderso, Esteban |
| 22 | Galarza, Angelica | Mardueno, Luis |
| 23 | Gastelum, Francisco | Marin, Gloria |
| 24 | Gomez, Ana | Martinez, Enrique |
| 25 | Gomes, Jose | Moore, Jeremiah |

*Complaint for Violations of the FLSA*          7

| | | |
|---|---|---|
| 1 | Morales, Karla | Ruiz, Miriam |
| 2 | Morva, Michaela | Ruso, Carlos |
| 3 | Munguia, Sergio | Salazar, Anteima |
| 4 | Murillo, Maria | Sanchez, Salvador |
| 5 | Nava, Bernice | Solorio, Adriana |
| 6 | Nava, Juan | Stapleford, Kenneth |
| 7 | Naval, Javier | Torre, Georgina |
| 8 | Osuna, Sonia | Torres, Francisco |
| 9 | Pastian, Christine | Torres, Maria |
| 10 | Peres, Edgar | Torres, Maricruz |
| 11 | Quiroz Galvan, Jose | Trujillo, Esteban |
| 12 | Ramirez, Sandra | Uriostgui, Juan |
| 13 | Ramos, Basillo | Valenzuela, Sandra |
| 14 | Raygoza, Oscar | Viyalovos, Caria |
| 15 | Reyes, Lizeth | Wayland, Kristen |
| 16 | Rios, Griselda | |
| 17 | Rivera Alvarez, Carlos | |
| 18 | Rivero, Natalie | |
| 19 | Robles, Maria | |
| 20 | Rodriguez, Lisa | |
| 21 | Rogel, Rodolfo | |
| 22 | Rosales, Nancy | |
| 23 | Ross, Kellie | |
| 24 | Ruiz, Carlos | |
| 25 | Ruiz, Claudia | |

*Complaint for Violations of the FLSA*                    8